UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C22-1001-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED and REMANDED for further administrative proceedings**.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on April 23, 2018, alleging disability beginning August 31,

ORDER
PAGE - 1

2016. AR 15, 723. After the applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On July 29, 2019, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 33–65. On August 27, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 15–28. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to the United States District Court. AR 1–6, 807–08. On May 13, 2021, the Court reversed and remanded the matter for further administrative proceedings. AR 813–23.

The ALJ held a new hearing on March 15, 2022, and took additional testimony from Plaintiff and a VE. AR 747–79. On March 30, 2022, the ALJ found Plaintiff not disabled under Plaintiff's DIB application through December 31, 2016, the date last insured, but found Plaintiff disabled beginning April 1, 2019, under Plaintiff's SSI application.[1] AR 723–46. Plaintiff appeals the Commissioner's denial of benefits for the period from August 31, 2016, through March 31, 2019, to this Court.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or is not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.   THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity, has had one or more severe

---

[1] While Plaintiff's appeal in this matter was pending, Plaintiff filed a subsequent claim for SSI and was found disabled as of January 14, 2021. AR 723, 891–97

ORDER
PAGE - 2

impairments, and has not had an impairment or combination of impairments that meet or equal the criteria of a listed impairment since the alleged onset date. AR 726.

At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels prior to April 1, 2019, but with the following limitations:

> she can remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level one and two jobs with reasoning levels of two or less; she can perform work that requires little or no judgment, and can perform simple duties that can be learned on the job in a short period; she can cope with occasional work setting changes and occasional contact with supervisors; she is limited to no contact with the public; and she is capable of working in proximity to but not in coordination with co-workers.

AR 727. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work since the alleged onset date. AR 734. At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy prior to April 1, 2019. AR 735–36. The ALJ thus concluded Plaintiff became disabled on April 1, 2019, but was not disabled prior to that date. AR 736–37.

Applying the sequential evaluation a second time, the ALJ concluded Plaintiff's substance use disorder is not a contributing factor material to the determination of disability and that Plaintiff would still be disabled in the absence of the substance use disorder. AR 736.

## IV.   DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) whether the ALJ properly evaluated the lay evidence; and (4) whether the ALJ properly assessed Plaintiff's RFC in the absence of substance use.[2] Plaintiff requests remand for an award of benefits or, in the

---

[2] Plaintiff also assigns error to the ALJ's step three evaluation. Dkt. 15, at 2. However, Plaintiff provides no argument to support this assertion. Therefore, the Court declines to address this argument. *See Carmickle*

1    alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's

2    decision has the support of substantial evidence and should be affirmed.

3    **1.  Medical Opinion Evidence**

4          A.  <u>Dr. Jenna Yun, Ph.D.</u>

5          On February 16, 2018, Dr. Yun diagnosed Plaintiff with amphetamine-induced psychotic

6    disorder vs. schizophrenia, PTSD, and cannabis use disorder, in reported sustained remission. AR

7    557. Dr. Yun assessed Plaintiff with marked limitations in most areas of basic mental functioning.

8    AR 557–58.

9          Plaintiff argues the ALJ's improperly rejected Dr. Yun's opinion by finding the doctor's

10   opinion of marked limitations "'unsupported by corresponding exam finding.'" Dkt. 15, at 5

11   (quoting AR 731). An ALJ may reject a physician's opinion that is inadequately supported by

12   clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also* 20 C.F.R.

13   §§ 404.1520c(c), 416.920c(c) (under the supportability factor, the ALJ considers how "relevant

14   the objective medical evidence and supporting explanations presented by a medical source are to

15   support his or her medical opinion(s)."). Here, the ALJ found Dr. Yun's exam findings showed

16   "only mild deficits in [Plaintiff's] memory and concentration" and indicated Plaintiff "did not seem

17   to respond to internal stimulation." AR 731. The ALJ, however, failed to explain how or why mild

18   deficits in Plaintiff's memory and concentration or a lack of response to internal stimuli

19   undermined Dr. Yun assessment of marked limitations in areas involving attendance, learning,

20   adapting, decision making, communicating, and behaving appropriately in the workplace, among

21   others. *See* AR 557–58; *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set

22

23   *v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("[I]ssues not argued with
     specificity in briefing will not be addressed."); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929
     (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments).

ORDER
PAGE - 4

out in the record his reasoning and evidentiary support for his interpretation of the medical evidence."). Therefore, the ALJ's evaluation of the supportability of Dr. Yun's assessment of marked limitations lacks the support of substantial evidence.

Plaintiff argues the ALJ improperly found Dr. Yun's opinion inconsistent with the longitudinal record. Dkt. 15, at 5 (citing AR 731). The ALJ found Dr. Yun's opinion inconsistent with evidence showing Plaintiff did not appear to respond to internal stimuli on exams and reported being capable of concentrating, performing activities of daily living independently, and performing a variety of other tasks. AR 731. The ALJ again failed to explain how or why Plaintiff's lack of internal stimuli or self-reported ability to concentrate, perform daily activities, and perform tasks is inconsistent with Dr. Yun's assessment of marked limitations in Plaintiff's ability to maintain attendance, learn new tasks, adapt, make decisions, communicate effectively, and behave appropriately workplace. *See* AR 557–58. Therefore, the ALJ's evaluation of the consistency of Dr. Yun's assessment of marked limitations lacks the support of substantial evidence.

As discussed above, the ALJ failed to provide adequate reasons for rejecting Dr. Yun's assessment that Plaintiff would be markedly limited in her ability to maintain attendance, learn new tasks, adapt to changes, make decisions, communicate effectively, or behave appropriately in the workplace. However, the ALJ's RFC adequately reflects Dr. Yun's opinion by limiting Plaintiff to performing jobs with duties that can be learned on the job, little to no judgment, occasional work setting changes, occasional contact with supervisors, no coordination with co-workers, and no contact with the public. *See* AR 727; *see Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (the ALJ properly incorporates medical findings by assessing limitation that

1  are "entirely consistent" with a physician's limitations). Additionally, although the RFC does not

2  account for limitations in Plaintiff's ability to maintain attendance, the VE testified employers will

3  generally tolerate an employee being absent between six to eight days per year and off task up to

4  ten percent of the time. AR 44–45, 777. Therefore, the ALJ's error in rejecting Dr. Yun's marked

5  limitations is inconsequential to the outcome of the case. *See Stout v. Comm'r of Soc. Sec. Admin.*,

6  454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is

7  "inconsequential to the ultimate nondisability determination").

8         B.  <u>Dr. Luci Carstens, Ph.D.</u>

9        On November 20, 2018, Dr. Carstens diagnosed Plaintiff with severe major depressive

10  disorder with psychosis (auditory hallucinations), post-traumatic stress disorder (PTSD),

11  generalized anxiety disorder, agoraphobia, personality disorder, and polysubstance use in reported

12  remission. AR 667. Dr. Carstens assessed Plaintiff with marked or significant limitations in several

13  areas of functioning. AR 669–70.

14        Plaintiff argues the ALJ improperly rejected Dr. Carstens' opinion for reasons similar to

15  Dr. Yun's opinion because "none of the ALJ's reasons for rejecting Dr. Yun's opinion are

16  supported by substantial evidence." Dkt. 15, at 6. The Commissioner argues the ALJ properly

17  determined Dr. Carstens' opinion lacked supportability for the same reasons as Dr. Yun's.[3] Dkt.

18  16, at 11. Although Plaintiff displayed deficits in memory and concentration on exam, the ALJ

19  found Plaintiff "showed no evidence of psychotic symptoms at the time of the interview," was able

20  to follow a three-step command, and had no difficulty tracking the conversation during Dr.

21  Carstens' evaluation. AR 667–70. The ALJ, however, failed to explain how or why these findings

22

23  [3] Although the ALJ did not explicitly state that he found Dr. Carstens' opinion lacked supportability, the ALJ stated he rejected Dr. Carstens' opinion for the same reasons as Dr. Yun's opinion, which included finding Dr. Yun's opinion "unsupported by corresponding exam findings." AR 731.

ORDER
PAGE - 6

1  undermined Dr. Carstens' opinion that Plaintiff's mental health problems would cause "marked

2  difficulty adapting to changes in a routine work setting," significantly interfere with Plaintiff's

3  "ability to deal effectively with unfamiliar people and situation," and cause Plaintiff to struggle

4  "adapting her routine in a workplace setting to incorporate new functions or processes that are

5  outside her comfort level." AR 670. Therefore, the ALJ improperly evaluated the supportability of

6  Dr. Carstens' opinion, and the ALJ's reasoning lacks the support of substantial evidence.

7         Plaintiff argues Dr. Carstens' assessment of marked limitations is fully consistent with the

8  longitudinal record and asserts none of the evidence cited by the ALJ contradicts Dr. Carstens'

9  opinion. Dkt. 15, at 6–7. The ALJ found Dr. Carstens' assessment that Plaintiff would have

10 difficulty dealing effectively with people inconsistent with Plaintiff's incarceration records, which

11 show Plaintiff "regularly socializing with peers, following unit rules, and [committing] no

12 infractions while incarcerated." AR 731. The ALJ further found Dr. Carstens' assessment that

13 Plaintiff would be unable to sustain concentration for prolonged periods inconsistent with

14 Plaintiff's "reports during mental health-related visits of no problems concentrating." AR 731.

15 Finally, the ALJ found Plaintiff reported being able to ignore the voices in her head, travel to New

16 York, and attend a church retreat in Idaho, "[d]espite her report of anxiety particularly around

17 people." AR 731. The ALJ reasonably found this evidence inconsistent with Dr. Carstens'

18 assessment of marked limitations in Plaintiff's ability to deal effectively with others and sustain

19 concentration for long periods. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (where

20 the ALJ's interpretation of the evidence is reasonable and supported by substantial evidence, the

21 Court should not second-guess it, even if the ALJ's interpretation is not the only reasonable one).

22 Therefore, the ALJ did not err by finding Dr. Carstens' opinion of marked or significant limitation

23 in dealing with others and concentrating inconsistent with the longitudinal record, and the ALJ's

reasoning has the support of substantial evidence.

Plaintiff argues the ALJ was "incorrect to assert that the trip to Idaho was 'during the period at issue.'" Dkt. 15, at 7 (quoting AR 731). Plaintiff notes the retreat was held in 2021, whereas the relevant period in this case is August 31, 2016, through March 31, 2019. *Id.* Even if the ALJ incorrectly characterized the retreat as taking place during the relevant period, the ALJ cited other reasons for discounting Dr. Carstens' assessment of marked limitations in social functioning, including finding the doctor's assessment inconsistent with evidence Plaintiff regularly socialized with peers while incarcerated and was able to travel to New York. Therefore, any error in the ALJ's description of the retreat would be inconsequential to the ALJ's evaluation of Dr. Carstens' opinion. *See Carmickle*, 533 F.3d at 1162–63 (where the ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless).

Although the ALJ erred by rejecting Dr. Carstens' opinion that Plaintiff would be limited in her ability to adapt to changes in the workplace and deal with unfamiliar people and situations, the ALJ's error was harmless in this case. *See Stout*, 454 F.3d at 1055. The ALJ's RFC limits Plaintiff to jobs with occasional work setting changes, no contact with the public, and no coordination with co-workers. *See* 727; *see Rounds*, 807 F.3d at 1006 ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Therefore, the RFC adequately reflects Dr. Carstens' limitations, and the ALJ's error is inconsequential to the non-disability decision.

C.  Ms. Diana Traxler, LMHC

On March 7, 2019, Ms. Traxler, Plaintiff's mental health provider, completed a mental impairment questionnaire and assessed moderate to extreme limitation in several areas of mental

1    functioning. AR 673–77. Ms. Traxler further opined Plaintiff would miss more than four days of

2    work a month due to her mental impairments. AR 676.

3          Plaintiff argues the ALJ improperly found Ms. Traxler's opinion unsupported by treatment

4    notes. Dkt. 15, at 9 (citing AR 731–32). The ALJ found Ms. Traxler's opinion unpersuasive

5    "because it is not supported by treatment notes prior to the established onset date indicating

6    improvement in symptoms." AR 732. The ALJ, however, failed to explain how or why Ms.

7    Traxler's treatment notes were inconsistent with the provider's opinion and further failed to

8    identify evidence showing Plaintiff's symptoms improved prior to the established onset date. *See*

9    *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions,

10   the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are

11   correct"). Additionally, the evidence indicates Ms. Traxler's contact with Plaintiff took place

12   within the relevant period as Ms. Traxler stated on the questionnaire that she provided mental

13   health therapy for Plaintiff "once a week for one hour since October 18, 2017." AR 672. Therefore,

14   the ALJ's evaluation of the supportability of Ms. Traxler's opinion lacks the support of substantial

15   evidence.

16         Plaintiff argues the ALJ improperly found Ms. Traxler's opinion inconsistent with the

17   longitudinal record. Dkt. 15, at 10. The ALJ found Ms. Traxler's opinion inconsistent with

18   evidence showing Plaintiff having "minimal limitations in memory and concentration," a lack of

19   internal stimuli, and the ability to engage in activities of daily living. AR 732. The ALJ, however,

20   again failed to explain how or why this evidence is inconsistent with Ms. Traxler's opinion of

21   Plaintiff's absenteeism or assessment of extreme limitations in Plaintiff's ability to set realistic

22   goals, make plans independently, deal with work stress, travel in unfamiliar places, or use public

23

ORDER
PAGE - 9

transportation.[4] AR 674. Therefore, the ALJ's rejection of these limitations lacks the support of substantial evidence.

As discussed above, the ALJ failed to provide legally valid reasons for rejecting Ms. Traxler's assessed limitations. The ALJ's error was not harmless because the RFC fails to account for Ms. Traxler's opinion regarding Plaintiff's absenteeism and assessment of extreme limitations in Plaintiff's ability to set goals or make plans independently, deal with work stress, travel in unfamiliar places, or use public transportation. *See* AR 727.

### D. Other Medical Evidence

Plaintiff summarizes other medical evidence of record and asserts these records "provide[] further support for the opinions of Dr. Yun, Dr. Carstens, and Ms. Traxler." Dkt. 15, at 10–12. Plaintiff fails to identify any specific error in the ALJ's evaluation of this medical evidence, and the Court declines to "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *see Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity). At most, Plaintiff argues for a different interpretation of the medical evidence, which fails to show reversible error in the ALJ's equally rational interpretation. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.").

### E. Non-Examining Opinions

Plaintiff argues the ALJ improperly found the non-examining opinions of Matthew

---

[4] Ms. Traxler also assessed Plaintiff with extreme limitation in her ability to understand, remember, and carry out detailed instructions and interact appropriately with the general public. AR 674. However, the RFC sufficiently accounts for these limitations such that any error in the ALJ's evaluation of these limitations is harmless. *See Carmickle*, 533 F.3d at 1162–63

ORDER
PAGE - 10

Comrie, Psy.D., and Christmas Covell, Ph.D, persuasive. Dkt. 15, at 12. Plaintiff asserts that, "contrary to the ALJ's analysis, the non-examiners' opinions are inconsistent with the overall medical record, and they are inconsistent with the opinions of Dr. Yun, Dr. Carstens, and Ms. Traxler." *Id*. Plaintiff provides no argument or discussion to support this assertion. Plaintiff's general assertion of error, absent further explanation, is insufficient for judicial review. *See Indep*., 350 F.3d at 929 ("[W]e require contentions to be accompanied by reasons.").

### 2.   Remaining Issues

Plaintiff argues the ALJ erred in evaluating Plaintiff's subjective testimony, the lay witness testimony of Plaintiff's mother, and Plaintiff's RFC. Dkt. 15, at 12–18. As the Court has found reversible error in the ALJ's evaluation of the medical opinion evidence, the Court declines to consider whether the ALJ erred in considering Plaintiff's testimony or the lay witness testimony. Rather, the Court directs the ALJ to reevaluate Plaintiff's testimony and the lay testimony on remand, and reassess the RFC as warranted by further consideration of the evidence.

### 3.   Remand

Plaintiff argues this case should be remanded for an immediate award of benefits. Dkt. 15, at 19. The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Such a circumstance arises when (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if they considered the claimant's evidence. *Id*.

As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the

ORDER
PAGE - 11

limitations assessed by Ms. Traxler. However, it is not clear from the record that Plaintiff would be disabled for the entire alleged disability period between August 31, 2016, through March 31, 2019, if the limitations assessed by Ms. Traxler were credited as true. Ms. Traxler's opinion is dated in March 2019, at the end of the relevant period, and the provider stated that she treated Plaintiff since October 2017, more than a year after Plaintiff's alleged disability onset. Therefore, further administrative proceedings would be useful in this case so that the ALJ may reevaluate Ms. Traxler's opinion, Plaintiff's testimony, and the lay testimony, reevaluate the RFC, and reassess whether the evidence supports a finding of disability for the period between August 31, 2016, through March 31, 2019.

## V.   CONCLUSION

For the reasons set forth above, this matter is **REVERSED and REMANDED for further administrative proceedings**.

DATED this 12th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER
PAGE - 12